CT Corporation

**Service of Process Transmittal**
04/11/2019
CT Log Number 535276180

**TO:**   Kim Lundy Service of Process, Legal Support Supervisor
Walmart Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

**RE:**   **Process Served in Georgia**

**FOR:**   Wal-Mart Stores East, LP  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Golding Pamela, Pltf. vs. Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (Delaware), etc., Dfts. // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Entry of Services, Cover Sheet, Summons, Complaint, Certification, Interrogatories, Request(s) |
| **COURT/AGENCY:** | Tift County State of Georgia, GA<br>Case # 2019CT047 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 05/18/2017 at 1830 West U.S. Highway 82, Tifton, Georgia, 31793. |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/11/2019 at 11:27 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | James L King, II<br>Hudson King, LLC<br>P.O. Box 2520<br>Tifton, GA 31793<br>229-386-5845 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/11/2019, Expected Purge Date: 04/16/2019<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Company (FL)<br>112 N Main St<br>Cumming, GA 30040-2422<br>954-473-5503 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT

A

Civil Action No. _2019 CT 047_

Date Filed _Apil 4, 2019_

Superior Court ☐
State Court ☑
Georgia, __Tift__ County

Attorney's Address / Telephone Number

**HUDSON KING, LLC**
P.O. BOX 2520
TIFTON, GA 31793

(229) 396-5845

Name and Address of Party to be Served

Wal-Mart Stores East LP c/o
Registered Agent: The Corporation Co.
112 N. Main Street
Cumming, GA 30040

_Pamela Gidding_
                    Plaintiff

VS.

Wal-Mart Stores, Inc.,
Wal-Mart Stores East LP
(Delaware) d/b/a Walmart **Defendant**

                    Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑

Served the defendant _____, a Corporation,

by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon, containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

**OTHER** ☑

Other documents served with summons and action include: 5.2 Filing Certificate, Admissions, Interrogatories, Request to Produce

This _11_ day of __Nov__, 201_7_.

_____
DEPUTY/SHERIFF'S OFFICE OF

SHERIFF DOCKET _____ PAGE _____      ___ ___ COUNTY _____

LR-10A013-01

## STATE COURT OF TIFT COUNTY
## STATE OF GEORGIA

&#9863; EFILED IN OFFICE
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA
**2019CT047**
HERBERT W BENSON
APR 04, 2019 12:55 PM

Clay Pate, Clerk
Tift County, Georgia

CIVIL ACTION NUMBER  2019CT047

GOLDING, PAMELA

**PLAINTIFF**

VS.

WAL-MART STORES, INC.
WAL-MART STORES EAST, LP
(DELAWARE) D/B/A WAL-MART

**DEFENDANTS**

### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**James L King, II**
**Hudson King**
**P.O. Box 2520**
**Tifton, Georgia 31793**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 4th day of April, 2019.**

Clerk of State Court

Clay Pate, Clerk
Tift County, Georgia

Page 1 of 1

IN THE STATE COURT OF TIFT COUNTY
STATE OF GEORGIA

**⚅ EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA
**2019CT047**
HERBERT W BENSON
APR 04, 2019 12:65 PM

Clay Pate, Clerk
Tift County, Georgia

PAMELA GOLDING,

    Plaintiff,

v.

WAL-MART STORES, INC.,
WAL-MART STORES EAST, LP
(DELAWARE) d/b/a WAL-MART,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.

## COMPLAINT FOR DAMAGES

COMES NOW, PAMELA GOLDING, Plaintiff herein ("Plaintiff"), and files this, her Complaint against WAL-MART STORES, INC. and WAL-MART STORES EAST, LP (DELAWARE), d/b/a WAL-MART, Defendants herein (collectively, "Defendants"), and respectfully shows as follows:

1.

Plaintiff is a resident of Tift County, Georgia.

2.

Defendant Wal-Mart Stores, Inc. is a foreign corporation, duly authorized to transact business in the State of Georgia. Defendant Wal-Mart Stores, Inc. has an office and transacts business in in the City of Tifton, Tift County, Georgia.

3.

Service of process on Defendant Wal-Mart Stores, Inc. may be perfected by serving its registered agent, The Corporation Company (FL), 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

4.

Defendant Wal-Mart Stores East, LP (Delaware) is a foreign limited partnership, duly authorized to transact business in the State of Georgia. Defendant Wal-Mart Stores East, LP (Delaware) has an office and transacts business in the City of Tifton, Tift County, Georgia.

5.

Service of process on Defendant Wal-Mart Stores East, LP (Delaware) may be perfected by serving its registered agent, The Corporation Company (FL), 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

6.

This Court has jurisdiction over this matter and the parties.

7.

Venue for this action is properly laid in the State Court of Tift County, Georgia.

8.

Defendants have injured and damaged Plaintiff in an amount to be determined by the enlightened conscience of an impartial jury.

9.

At all times mentioned herein, Defendants owned, operated, controlled and managed the Wal-Mart Supercenter store located at 1830 West U.S. Highway 82, Tifton, Georgia, 31793.

10.

On or about May 18, 2017, Plaintiff was a customer of the subject Wal-Mart store during business hours. As Plaintiff was walking through the subject Wal-Mart, she fell on a foreign object/substance on the ground. As a direct result of the fall, Plaintiff suffered injuries.

11.

At the time of the incident, Defendants' store was unsafe and hazardous.

12.

Defendants knew or should have known about the dangerous condition of their store before Plaintiff's fall.

13.

Defendants had notice of the dangerous condition of their store before Plaintiff's fall.

14.

Defendants did not warn its patrons of the dangerous condition of the store.

15.

The dangerous condition of Defendants' store was not readily apparent to the average person.

16.

Plaintiff was without any knowledge of the condition of the store before she fell.

17.

Defendants were negligent in, but not limited to, the following particulars:

a) By violating O.C.G.A. § 51-3-1 in failing to properly keep the premises at their Tifton, Tift County, Georgia location in a safe condition on the date and time stated, after knowing that hazardous conditions existed;

b) In failing to warn their customers of the hazardous condition that caused Plaintiff to slip and fall at their Tifton, Tift County, Georgia location on the date and time stated;

c) In failing to properly inspect and maintain their premises; and

d) In failing to post warning signs or warning markings on their premises;

e) In failing to properly inspect and maintain their premises;

f) In failing to properly train and supervise their employees in regard to the care of their premises;

g)     In negligently retaining, entrusting, hiring, training and supervising said employees; and

h)     Defendants were otherwise negligent.

18.

As a result of Defendants' negligence, Plaintiff suffered serious and permanent personal injuries to her body.

19.

As a result of the Defendants' negligence, Plaintiff has suffered excruciating pain, she still suffers pain, and she will always thus suffer from her injuries.

20.

As a further result of Defendants' negligence, Plaintiff has incurred medical expenses for the treatment of her injuries which she is entitled to recover from Defendants.

21.

As a result of the aforementioned injuries that were caused by the negligence of Defendants, Plaintiff has suffered general damages as a result of her past, present, and future pain and suffering, in an amount to be determined at the time of trial.

22.

All damages suffered by Plaintiff are the direct and proximate result of the negligence of Defendants.

23.

Although Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to invitees from the said hazardous condition existing on the premises, Defendants negligently failed to take reasonable precautions to guard against the dangerous condition and failed to protect its invitees, including Plaintiff, therefrom.

24.

Defendants negligently maintained the premises and at all times herein mentioned, failed and neglected to correct, mark, remove or repair the premises or to guard against injuries to invitees or social guests, including the Plaintiff, although said condition had existed for such a length of time that Defendants, their agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

25.

Plaintiff had no knowledge of the dangerous condition existing upon the premises and she exercised ordinary care and diligence for her own safety under the circumstances then existing.

26.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.  Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of the capacity for the enjoyment of life;

g) Impaired ability to labor;

h) Incidental expenses;

i) Loss of earning capacity;

j) Loss of income or earnings;

k) Past, present and future medical expenses;

l) Permanent injuries; and

m) Consequential damages to be proven at trial.

27.

Plaintiff is entitled to an award of punitive damages because the actions of Defendants and their agents and employees showed an entire want of care, which would raise the presumption of conscious indifference to consequences.

28.

Plaintiff is entitled to and does request attorney's fees and the expenses of litigation in that the actions on the part of the Defendants as herein-described show that the Defendants have acted in bad faith in the transactions and dealings surrounding the herein-described incident and the Defendants, and their agents, have been stubbornly litigious and have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorney's fees as defined by O.C.G.A. § 13-6-11.

29.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants, and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff.

WHEREFORE, Plaintiff prays for the following:

1) that Plaintiff be awarded verdict and judgment against the Defendants for actual damages in amounts to be shown at trial;

2) that Plaintiff be awarded all general, special, compensatory, economic, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

3)   that Plaintiff be awarded attorney's fees and cost of litigation in an amount which

will be proven through the evidence at the time of trial; and

5)   that Plaintiff have such other relief as this Court deems just and appropriate under

the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

**HUDSON KING, LLC**

_/s/ J. L. King, II_
J. L. King, II
Georgia Bar No. 142285
J. Shane Hudson
Georgia Bar No. 153047
David G. McGee
Georgia Bar No. 809036
Attorneys for Plaintiff

**HUDSON KING, LLC**
615 N. Virginia Avenue, Ste. A
P. O. Box 2520
Tifton, GA 31793
(229) 386-5845
dmcgee@hudsonkinglaw.com

**☙ EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA

**2019CT047**
**HERBERT W BENSON**
APR 04, 2019 12:55 PM

Clay Pate, Clerk
Tift County, Georgia

IN THE STATE COURT OF TIFT COUNTY
STATE OF GEORGIA

PAMELA GOLDING,               )
                              )
         Plaintiff,           )
                              )
v.                            )          CIVIL ACTION NO.
                              )
WAL-MART STORES, INC.,        )
WAL-MART STORES EAST, LP      )
(DELAWARE) d/b/a WAL-MART,    )
                              )
         Defendants.          )

### PLAINTIFF'S FIRST ADMISSIONS
### TO DEFENDANT WAL-MART STORES, INC.

TO:    DEFENDANT WAL-MART STORES, INC.

Pursuant to O.C.G.A. Section 9-11-36 you are hereby requested to answer, in the form

provided by law, the following Requests for Admission:

1.

You have been correctly named in the present cause insofar as the legal designation of names is

concerned.

2.

That you have been properly served as a party Defendant.

3.

That process is sufficient with regard to you in this case.

4.

That service of process is sufficient with regard to you in this case.

5.

Tift County State Court has jurisdiction over the subject matter of this case.

1

6.

Tift County State Court has personal jurisdiction over you as a party Defendant in this

case.

7.

Venue is proper in Tift County State Court.

8.

That the incident referred to in Plaintiffs Complaint did, in fact, occur on October 3, 2014

at the premises known as Wal-Mart Supercenter, 1830 West U.S. Highway 82, Tifton, Georgia,

31794.

9.

Plaintiff has not failed to join an indispensable party in this action.

10.

You have preserved any and all videotapes or other recordings of the incident at issue in

this civil action.

11.

You have reviewed any and all videotapes or other recordings of the incident at issue in

this civil action.

12.

You were the owner of the Premises known as Tifton Wal-Mart Supercenter located at

1830 West U.S. Highway 82, Tifton, Georgia on October 03, 2014.

13.

You were in possession of the Premises known as Tifton Wal-Mart Supercenter located

at 1830 West U.S. Highway 82, Tifton, Georgia on October 03, 2014.

14.

You controlled the Premises known as Tifton Wal-Mart Supercenter located at 1830

West U.S. Highway 82, Tifton, Georgia on October 03, 2014.

15.

Plaintiff was not negligent in the incident at your premises on May 18, 2017.

16.

Plaintiff was injured as a result of the incident at your premises on May 18, 2017.

17.

Your negligence caused the incident at your premises on May 18, 2017 which is the basis

of this lawsuit.

Respectfully submitted,

**HUDSON KING, LLC**

*/s/ J. L. King, II*
J. L King, II
Georgia Bar No. 142285
J. Shane Hudson
Georgia Bar No. 153047
David G. McGee
Georgia Bar No. 809036
Attorneys for Plaintiff

**HUDSON KING, LLC**
615 N. Virginia Avenue, Ste. A
P. O. Box 2520
Tifton, GA 31793
(229) 386-5845
jlking@hudsonkinglaw.com
jshudson@hudsonkinglaw.com
dmcgee@hudsonkinglaw.com

3

**≋ EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA
**2019CT047**
**HERBERT W BENSON**
APR 04, 2019 12:55 PM

Clay Pate, Clerk
Tift County, Georgia

IN THE STATE COURT OF TIFT COUNTY
STATE OF GEORGIA

PAMELA GOLDING,                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          CIVIL ACTION NO.
                                   )
WAL-MART STORES, INC.,             )
WAL-MART STORES EAST, LP           )
(DELAWARE) d/b/a WAL-MART,         )
                                   )
          Defendants.              )

## FILING CERTIFICATE

THE UNDERSIGNED, as attorney for Plaintiffs in the above-styled civil action, and

pursuant to the local rules of this court, shows that on the date designated below he mailed to be

served, along with the Complaint, the following:

1) **PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WAL-MART, INC.;**

2) **PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT WAL-MART, INC.;**

3) **PLAINTIFFS' FIRST NOTICE TO PRODUCE AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALM-MART, INC.;**

4) **PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WAL-MART STORES EAST;**

5) **PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT WAL-MART STORES EAST; and**

6) **PLAINTIFFS' FIRST NOTICE TO PRODUCE AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALM-MART STORES EAST,**

This certificate is filed pursuant to Uniform Superior Court Rule 5.2.

This 4th day of April, 2019.

Respectfully submitted,

**HUDSON KING, LLC**

*/s/ J. L. King, II*
J.L. King, II
Georgia Bar No. 142285
J. Shane Hudson
Georgia Bar No. 153047
David G. McGee
Georgia Bar No. 809036
Attorneys for Plaintiffs

**HUDSON KING, LLC**
615 N. Virginia Avenue, Ste. A
P.O. Box 2520
Tifton, GA 31793
Phone (229) 396-5845
Fax (229) 396-5848
jlking@hudsonkinglaw.com
jshudson@hudsonkinglaw.com
dmcgee@hudsonkinglaw.com

IN THE STATE COURT OF TIFT COUNTY
STATE OF GEORGIA

PAMELA GOLDING,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        CIVIL ACTION NO.
                                         )
WAL-MART STORES, INC.,        ·          )
WAL-MART STORES EAST, LP                 )
(DELAWARE) d/b/a WAL-MART,                )
                                         )
        Defendants.                      )

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT WAL-MART STORES, INC.

TO:    DEFENDANT WAL-MART STORES, INC.

Plaintiff hereby requests pursuant to O.C.G.A. § 9-11-26 and § 9-11-33 that Defendant(s) respond to the following written interrogatories under oath within the time permitted by law. Each of the following interrogatories shall be deemed continuing and must be supplemented by Defendant(s) to the extent required by O.C.G.A. § 9-11-26(e).  ·

### DEFINITIONS AND INSTRUCTIONS

A.  These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant(s) to serve upon all parties supplemental answers if Defendant(s) or its attorneys obtain further information between the time the answers are served and the time of trial.

B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.  "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

1.

Please identify the person(s) or entity who owned, managed (including, without limitation the name, address and telephone number of the employee manager) and controlled the premises referred to in the Complaint where the incident involving Plaintiff occurred on the date of her injuries (May 18, 2017). If the ownership, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please identify all persons who performed construction, repaired, inspected, managed, or maintained the premises and area where Plaintiff was injured (as referenced in the Complaint), including a detailed description of the action that was taken in regard to construction, repairing, inspecting, cleaning, managing or maintaining the area where Plaintiff was injured, within ninety days preceding the incident as described in the Complaint.

3.

If you are aware of any claim or complaint or report occurring before Plaintiff's injuries regarding any claimed problem or defect with the area where Plaintiff was injured, please identify the details of said report or complaint, including what happened, dates, times, persons involved.

4.

Please identify and describe in detail any program, policy or action implemented by you (before and at the time of Plaintiff's injuries) to repair, inspect, manage, maintain, or upkeep the premises at issue.  This request also includes training procedures of your employees, agents, or business invitees that had any responsibility for the premises and approaches in question.

5.

Please describe each and every warning that you claim was provided to Plaintiff regarding any danger associated with the area at issue.

6.

Please give the name, addresses and telephone numbers of all persons that have relevant knowledge, or information reasonably calculated to lead to the discovery of relevant or admissible evidence concerning this lawsuit or concerning the facts and circumstances surrounding the construction, design, manufacture, repair and/or modification of the construction done upon the Premises, including, without limitation, the area where the plaintiff was injured.

7.

Please identify any changes or repairs made to the Premises at or near the area in which the Plaintiff was injured following or as a result of the incident causing Plaintiff's injuries.

8.

Please identify any and all insurance, including excess or umbrella coverage or coverage by any other description (med-pay, etc.), which does or may afford insurance coverage to you for the claims made in this lawsuit, including the name of each insurance company, the applicable coverage, the insured(s) under each policy, and whether you have received any type of reservation of rights letter regarding coverage.

9.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation.

10.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person or entity, did or failed to do, which in any way contributed to the subject occurrence and Plaintiff's injuries.

11.

Please state in detail how you contend the occurrence at issue in this civil action took place and the order in which the events took place.  Please include in this response a listing of

each person and circumstance you believe to have caused, or contributed to causing, the subject occurrence.

12.

Please detail the factual and legal basis for each defense plead in your Answer, including all United States statutes, state statutes, city ordinances, county ordinances, case law and all other governmental laws, rules or regulations which you contend Plaintiff, or any other person or entity, violated with respect to the incident giving rise to this lawsuit.

13.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff.

14.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i).  Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

15.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

16.

Please identify with specificity all injury claims or complaints made against you or your business regarding the premises and approaches at issue, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries, if any, claimed in such incident; a short description of how the incident occurred, and whether suit was filed. (If you have questions regarding the breadth of this interrogatory, please have your lawyer contact counsel for plaintiff.)

17.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

18.

State the substance of each conversation you or your agents or employees had with Plaintiff at the time of or at any time before or following the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff or his agents.

19.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over this defendant, that there has been an insufficiency of process of Plaintiff's complaint, and/or that there has been an insufficiency of service of process upon the defendant.

20.

Please identify any information you claim you or your agents, attorneys, servants, or employees have indicating whether the plaintiff or any witness has been convicted or plead guilty to a crime.

21.

Please identify any and all documentary or other tangible evidence, not previously identified, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

22.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action.

23.

Please identify all maintenance employees, management persons, or other employee or person that in any way had responsibility for maintaining or inspecting the premises at issue in this civil action. To the extent any person is identified, please describe the actions, times and involvement in regard to said inspections, maintenance, construction, repair or knowledge of same.

24.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

25.

What efforts were made by the Defendant to modify or alter the premises at issue before and after the incident in question?

26.

Please give the name, addresses and telephone numbers of all persons that have relevant knowledge, or information reasonably calculated to lead to the discovery of relevant or admissible evidence, concerning the facts and circumstances surrounding the injuries sustained by Plaintiff, and all facts and circumstances within the forty-eight hours leading up to her injuries that in any way relate to premises at issue at issue or Plaintiff.

27.

Please identify by name, address and telephone number and title all employees that have worked at the premises at issue in the past five (5) years.

28.

Please identify all practices and procedures regarding the inspection for, prevention, repair or clean-up upon the premises at issue in this civil action.

Respectfully submitted,

**HUDSON KING, LLC**

/s/ J. L. King, II
J. L King, II
Georgia Bar No. 142285
J. Shane Hudson
Georgia Bar No. 153047
David G. McGee
Georgia Bar No. 809036
Attorneys for Plaintiff

**HUDSON KING, LLC**
615 N. Virginia Avenue, Ste. A
P. O. Box 2520
Tifton, GA 31793
(229) 386-5845
jlking@hudsonkinglaw.com
jshudson@hudsonkinglaw.com
dmcgee@hudsonkinglaw.com

IN THE STATE COURT OF TIFT COUNTY
STATE OF GEORGIA

PAMELA GOLDING,

    Plaintiff,

v.

WAL-MART STORES, INC.,
WAL-MART STORES EAST, LP
(DELAWARE) d/b/a WAL-MART,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## AND NOTICE TO PRODUCE DOCUMENTS TO WAL-MART STORES, INC.

TO:    DEFENDANT WAL-MART STORES, INC.

    Pursuant to O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., Plaintiff

hereby requests that the Defendant(s) respond as provided by law, with a copy of the responses

being served upon the undersigned counsel of record for the Plaintiff at 615 North Virginia

Avenue, Suite A, P.O. Box 2520, Tifton, GA 31793.

### DEFINITIONS AND INSTRUCTIONS

    A. This request for production of documents and notice to produce shall be deemed

continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et

seq., so as to require Defendant(s) to serve or produce upon all parties supplemental answers or

documents if Defendant(s) or his/her attorneys obtain further information between the time the

answers are served and the time of trial.  Plaintiff also requests that Defendant produce the

originals of each document at trial and any deposition of Defendant or its agents or employees.

    B. "Document," whether singular or plural, means documents and other tangible things

defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies, including copies of

documents, videotapes, computer data, and sound material.

      C. "Person" means any natural person, corporation, partnership, association,

governmental entity, agency, group, organization, etc.

      D. If a requested document is no longer in your possession, custody or control, please

identify the document with specificity.

      E. If you object to part of a request, <u>please identify any documents withheld</u>.

If you object to the scope or time period of the request, please answer the request for the scope or

time period you believe is appropriate.

      F. If you assert the attorney-client privilege or work-product exclusion as to any

document requested by any of the following specific requests, please identify the document in

sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

### REQUEST FOR PRODUCTION

      Defendant is requested to produce each of the following:

1.

      Any statement in your control from any person possessing relevant knowledge of the

incident giving rise to this lawsuit, whether written or recorded.

2.

      All photographs, charts, diagrams, videotapes, and other illustrations of any person, place

or thing involved in this lawsuit. This is not limited to but specifically includes any video of the

incident.

3.

      All documents evidencing, reflecting, relating to or constituting any communication

between Defendant and Plaintiff.

4.

All documents supporting or relating to Plaintiff's or Defendant's contentions in this civil action.

5.

Any correspondence, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's complaint.

6.

All documents evidencing, reflecting, relating to or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

7.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

8.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery in this matter.

9.

Any and all documents that support any defenses raised in your Answer, or any relevant fact to this litigation.

10.

All documents, pleadings and/or exhibits filed, served or prepared in connection with any litigation involving personal injuries to which you have been a party and involving the premises and approaches in question for the past (7) years.

11.

Any maintenance, clean up, repair, or service records reflecting repairs, service, or changes to the area of the premises and approaches forming the basis of the Plaintiff's Complaint.

12.

Copies of any and all reports, interoffice memoranda, emails or other documents which relate to or mention the clean up or inspection upon the upon the premises at issue in this civil action.

13.

Any and all documents, videos, DVDs or other items of evidence which portray surveillance of the plaintiff or other issues in this civil action.

14.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage Defendant with regard to Plaintiff's claims against Defendant. This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, and medical-payments coverage. This request includes any and all documents affecting coverage, including reservation of rights documents.

15.

Please produce all reports received from any experts who have investigated any issue(s) relevant to the subject fall and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

16.

Please produce all documents evidencing or reflecting any agreement regarding construction, maintenance or repair between Defendant and any other business having responsibility for the area where Plaintiff fell.

17.

Please produce a copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

18.

Please produce all claims forms, call reports, accident reports, or other documentation evidencing prior or subsequent calls, complaints, problems, injuries, slips or falls occurring on the premises or approaches where Plaintiff fell. This request specifically includes, but is not limited to, any documents which relate to or memorialize calls made by citizens regarding the area in which the plaintiff fell prior to or following May 18, 2017.

19.

Please produce any and all log books, sweep sheets or logs, maintenance or inspection reports, or any and all other documents of any kind or by any other name which relate in any way to the construction, inspection, repair, or maintenance of the area where the plaintiff fell.

20.

Please produce any demonstrative evidence relevant to the issues of this case.

21.

Please produce any and all documents, including employee handbooks, policy or procedure manuals, or video tapes, Defendant's policies regarding safety, training, testing, inspecting, repairing, clean up or maintaining the premises, approaches and the area forming the basis of Plaintiff's Complaint.

22.

Produce all Complaints initiating civil actions against you for the past seven (7) years as a result of substantially similar incidents.

23.

Produce all safety inspection reports completed by any of your employees, agents or independent contractors with regard to the premises and approaches at issue.

24.

Produce all internal accident and incident reports completed by your employees, agents or independent contractors regarding the incident at issue in this civil action and also such reports regarding substantially similar claims, complaints, or incidents for the past five (5) years.

25.

Please produce all contracts or agreements entered into between the Defendant and any other individual or company and regarding construction upon, maintaining, or inspecting the premises, approaches and area forming the basis of Plaintiff's Complaint.

26.

Copies of any and all reports, interoffice memoranda, emails or other documents which relate to or mention the clean up or inspection of the premises at issue at any time in the year 2017.

27.

The curriculum vitae of all experts who are expected to testify on behalf of the defendant, and any documents they created, reviewed or relied on.

28.

Produce all notes, memoranda, minutes, and all other written evidence of safety meetings held by you from 2015 to the present.

29.

Produce all architectural plans, drawings or designs of the construction performed upon the premises in question, including layout of the area where Plaintiff fell.

30.

All email, memoranda, correspondence and other writings, whether paper or electronic, which in any fashion mentions or involves the plaintiff.

31.

Please produce any phone call logs, complaints, notices, memoranda, emails, security logs, or any other documents purporting to complain about the parking lot of the premises at issue in this civil action.

You are requested to comply with said requests by producing and permitting the Plaintiff's attorney to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to J. L. King, II, P.O. Box 2520, Tifton, GA 31793.

HUDSON KING, LLC

/s/ J. L. King, II
J. L King, II
Georgia Bar No. 142285
J. Shane Hudson
Georgia Bar No. 153047
David G. McGee
Georgia Bar No. 809036
Attorneys for Plaintiff

HUDSON KING, LLC
615 N. Virginia Avenue, Ste. A
P. O. Box 2520
Tifton, GA 31793
(229) 386-5845
jlking@hudsonkinglaw.com
jshudson@hudsonkinglaw.com
dmcgee@hudsonkinglaw.com

**⚖ EFILED IN OFFICE**
CLERK OF STATE COURT
TIFT COUNTY, GEORGIA
**2019CT047**
HERBERT W BENSON
APR 04, 2019 12:55 PM

Clay Peto, Clerk
Tift County, Georgia

IN THE STATE COURT OF TIFT COUNTY
STATE OF GEORGIA

PAMELA GOLDING,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )      CIVIL ACTION NO.
                                         )
WAL-MART STORES, INC.,                   )
WAL-MART STORES EAST, LP                 )
(DELAWARE) d/b/a WAL-MART,               )
                                         )
        Defendants.                      )

### PLAINTIFF'S FIRST ADMISSIONS TO DEFENDANT
### WAL-MART STORES EAST, LP (DELAWARE) D/B/A WAL-MART

TO:    DEFENDANT WAL-MART STORES EAST, LP (DELAWARE) D/B/A WAL-MART

Pursuant to O.C.G.A. Section 9-11-36 you are hereby requested to answer, in the form provided by law, the following Requests for Admission:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

That you have been properly served as a party Defendant.

3.

That process is sufficient with regard to you in this case.

4.

That service of process is sufficient with regard to you in this case.

5.

Tift County State Court has jurisdiction over the subject matter of this case.

1

6.

Tift County State Court has personal jurisdiction over you as a party Defendant in this

case.

7.

Venue is proper in Tift County State Court.

8.

That the incident referred to in Plaintiff's Complaint did, in fact, occur on May 18, 2017

at the premises known as Wal-Mart Supercenter, 1830 West U.S. Highway 82, Tifton, Georgia,

31794.

9.

Plaintiff has not failed to join an indispensable party in this action.

10.

You have preserved any and all videotapes or other recordings of the incident at issue in

this civil action.

11.

You have reviewed any and all videotapes or other recordings of the incident at issue in

this civil action.

12.

You were the owner of the Premises known as Tifton Wal-Mart Supercenter located at

1830 West U.S. Highway 82, Tifton, Georgia on May 18, 2017.

13.

You were in possession of the Premises known as Tifton Wal-Mart Supercenter located

at 1830 West U.S. Highway 82, Tifton, Georgia on May 18, 2017.

14.

You controlled the Premises known as Tifton Wal-Mart Supercenter located at 1830 West U.S. Highway 82, Tifton, Georgia on May 18, 2017.

15.

Plaintiff was not negligent in the incident at your premises on May 18, 2017.

16.

Plaintiff was injured as a result of the incident at your premises on May 18, 2017.

17.

Your negligence caused the incident at your premises on May 18, 2017 which is the basis of this lawsuit.

Respectfully submitted,

**HUDSON KING, LLC**

*/s/ J. L. King, II*
J. L King, II
Georgia Bar No. 142285
J. Shane Hudson
Georgia Bar No. 153047
David G. McGee
Georgia Bar No. 809036
Attorneys for Plaintiff

**HUDSON KING, LLC**
615 N. Virginia Avenue, Ste. A
P. O. Box 2520
Tifton, GA 31793
(229) 386-5845
jlking@hudsonkinglaw.com
jshudson@hudsonkinglaw.com
dmcgee@hudsonkinglaw.com

3

IN THE STATE COURT OF TIFT COUNTY
STATE OF GEORGIA

PAMELA GOLDING,

      Plaintiff,

v.

WAL-MART STORES, INC.,
WAL-MART STORES EAST, LP
(DELAWARE) d/b/a WAL-MART,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## WAL-MART STORES EAST, LP (DELAWARE) D/B/A WAL-MART

TO:   DEFENDANT WAL-MART STORES EAST, LP (DELAWARE) D/B/A WAL-MART

    Plaintiff hereby requests pursuant to O.C.G.A. § 9-11-26 and § 9-11-33 that Defendant(s) respond to the following written interrogatories under oath within the time permitted by law. Each of the following interrogatories shall be deemed continuing and must be supplemented by Defendant(s) to the extent required by O.C.G.A. § 9-11-26(e).

### DEFINITIONS AND INSTRUCTIONS

    A.  These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant(s) to serve upon all parties supplemental answers if Defendant(s) or its attorneys obtain further information between the time the answers are served and the time of trial.

    B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

    C.  "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

1.

Please identify the person(s) or entity who owned, managed (including, without limitation the name, address and telephone number of the employee manager) and controlled the premises referred to in the Complaint where the incident involving Plaintiff occurred on the date of her injuries (May 18, 2017). If the ownership, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please identify all persons who performed construction, repaired, inspected, managed, or maintained the premises and area where Plaintiff was injured (as referenced in the Complaint), including a detailed description of the action that was taken in regard to construction, repairing, inspecting, cleaning, managing or maintaining the area where Plaintiff was injured, within ninety days preceding the incident as described in the Complaint.

3.

If you are aware of any claim or complaint or report occurring before Plaintiff's injuries regarding any claimed problem or defect with the area where Plaintiff was injured, please identify the details of said report or complaint, including what happened, dates, times, persons involved.

4.

Please identify and describe in detail any program, policy or action implemented by you (before and at the time of Plaintiff's injuries) to repair, inspect, manage, maintain, or upkeep the premises at issue.  This request also includes training procedures of your employees, agents, or business invitees that had any responsibility for the premises and approaches in question.

5.

Please describe each and every warning that you claim was provided to Plaintiff regarding any danger associated with the area at issue.

6.

Please give the name, addresses and telephone numbers of all persons that have relevant knowledge, or information reasonably calculated to lead to the discovery of relevant or admissible evidence concerning this lawsuit or concerning the facts and circumstances surrounding the construction, design, manufacture, repair and/or modification of the construction done upon the Premises, including, without limitation, the area where the plaintiff was injured.

7.

Please identify any changes or repairs made to the Premises at or near the area in which the Plaintiff was injured following or as a result of the incident causing Plaintiff's injuries.

8.

Please identify any and all insurance, including excess or umbrella coverage or coverage by any other description (med-pay, etc.), which does or may afford insurance coverage to you for the claims made in this lawsuit, including the name of each insurance company, the applicable coverage, the insured(s) under each policy, and whether you have received any type of reservation of rights letter regarding coverage.

9.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation.

10.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person or entity, did or failed to do, which in any way contributed to the subject occurrence and Plaintiff's injuries.

11.

Please state in detail how you contend the occurrence at issue in this civil action took place and the order in which the events took place. Please include in this response a listing of

each person and circumstance you believe to have caused, or contributed to causing, the subject occurrence.

12.

Please detail the factual and legal basis for each defense plead in your Answer, including all United States statutes, state statutes, city ordinances, county ordinances, case law and all other governmental laws, rules or regulations which you contend Plaintiff, or any other person or entity, violated with respect to the incident giving rise to this lawsuit.

13.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff.

14.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

15.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

16.

Please identify with specificity all injury claims or complaints made against you or your business regarding the premises and approaches at issue, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries, if any, claimed in such incident; a short description of how the incident occurred, and whether suit was filed.  (If you have questions regarding the breadth of this interrogatory, please have your lawyer contact counsel for plaintiff.)

17.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

18.

State the substance of each conversation you or your agents or employees had with Plaintiff at the time of or at any time before or following the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff or his agents.

19.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over this defendant, that there has been an insufficiency of process of Plaintiff's complaint, and/or that there has been an insufficiency of service of process upon the defendant.

20.

Please identify any information you claim you or your agents, attorneys, servants, or employees have indicating whether the plaintiff or any witness has been convicted or plead guilty to a crime.

21.

Please identify any and all documentary or other tangible evidence, not previously identified, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

22.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action.

23.

Please identify all maintenance employees, management persons, or other employee or person that in any way had responsibility for maintaining or inspecting the premises at issue in this civil action.  To the extent any person is identified, please describe the actions, times and involvement in regard to said inspections, maintenance, construction, repair or knowledge of same.

24.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

25.

What efforts were made by the Defendant to modify or alter the premises at issue before and after the incident in question?

26.

Please give the name, addresses and telephone numbers of all persons that have relevant knowledge, or information reasonably calculated to lead to the discovery of relevant or admissible evidence, concerning the facts and circumstances surrounding the injuries sustained by Plaintiff, and all facts and circumstances within the forty-eight hours leading up to her injuries that in any way relate to premises at issue at issue or Plaintiff.

27.

Please identify by name, address and telephone number and title all employees that have worked at the premises at issue in the past five (5) years.

28.

Please identify all practices and procedures regarding the inspection for, prevention, repair or clean-up upon the premises at issue in this civil action.

Respectfully submitted,

HUDSON KING, LLC

/s/ J. L. King, II
J. L King, II
Georgia Bar No. 142285
J. Shane Hudson
Georgia Bar No. 153047
David G. McGee
Georgia Bar No. 809036
Attorneys for Plaintiff

HUDSON KING, LLC
615 N. Virginia Avenue, Ste. A
P. O. Box 2520
Tifton, GA 31793
(229) 386-5845
jlking@hudsonkinglaw.com
jshudson@hudsonkinglaw.com
dmcgee@hudsonkinglaw.com

IN THE STATE COURT OF TIFT COUNTY
STATE OF GEORGIA

PAMELA GOLDING,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        CIVIL ACTION NO.
                                         )
WAL-MART STORES, INC.,                   )
WAL-MART STORES EAST, LP                 )
(DELAWARE) d/b/a WAL-MART,               )
                                         )
        Defendants.                      )

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION AND NOTICE TO PRODUCE**
**DOCUMENTS TO WAL-MART STORES EAST, LP (DELAWARE) D/B/A WAL-MART**

TO:     DEFENDANT WAL-MART STORES EAST, LP (DELWARE) D/B/A WAL-MART

        Pursuant to O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., Plaintiff

hereby requests that the Defendant(s) respond as provided by law, with a copy of the responses

being served upon the undersigned counsel of record for the Plaintiff at 615 North Virginia

Avenue, Suite A, P.O. Box 2520, Tifton, GA 31793.

DEFINITIONS AND INSTRUCTIONS

        A.  This request for production of documents and notice to produce shall be deemed

continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et

seq., so as to require Defendant(s) to serve or produce upon all parties supplemental answers or

documents if Defendant(s) or his/her attorneys obtain further information between the time the

answers are served and the time of trial.  Plaintiff also requests that Defendant produce the

originals of each document at trial and any deposition of Defendant or its agents or employees.

        B.  "Document," whether singular or plural, means documents and other tangible things

defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies, including copies of

documents, videotapes, computer data, and sound material.

C.    "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.   If a requested document is no longer in your-possession, custody or control, please identify the document with specificity.

E.   If you object to part of a request, please identify any documents withheld. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.   If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## REQUEST FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit.  This is not limited to but specifically includes any video of the incident.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendant and Plaintiff.

4.

All documents supporting or relating to Plaintiff's or Defendant's contentions in this civil action.

5.

Any correspondence, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's complaint.

6.

All documents evidencing, reflecting, relating to or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

7.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

8.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery in this matter.

9.

Any and all documents that support any defenses raised in your Answer, or any relevant fact to this litigation.

10.

All documents, pleadings and/or exhibits filed, served or prepared in connection with any litigation involving personal injuries to which you have been a party and involving the premises and approaches in question for the past (7) years.

11.

Any maintenance, clean up, repair, or service records reflecting repairs, service, or changes to the area of the premises and approaches forming the basis of the Plaintiff's Complaint.

12.

Copies of any and all reports, interoffice memoranda, emails or other documents which relate to or mention the clean up or inspection upon the upon the premises at issue in this civil action.

13.

Any and all documents, videos, DVDs or other items of evidence which portray surveillance of the plaintiff or other issues in this civil action.

14.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage Defendant with regard to Plaintiff's claims against Defendant. This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, and medical-payments coverage.  This request includes any and all documents affecting coverage, including reservation of rights documents.

15.

Please produce all reports received from any experts who have investigated any issue(s) relevant to the subject fall and relevant to this lawsuit.  Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

16.

Please produce all documents evidencing or reflecting any agreement regarding construction, maintenance or repair between Defendant and any other business having responsibility for the area where Plaintiff fell.

17.

Please produce a copy of any reservation of rights letter(s) or other documentation of any

kind received from any insurer which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

18.

Please produce all claims forms, call reports, accident reports, or other documentation evidencing prior or subsequent calls, complaints, problems, injuries, slips or falls occurring on the premises or approaches where Plaintiff fell. This request specifically includes, but is not limited to, any documents which relate to or memorialize calls made by citizens regarding the area in which the plaintiff fell prior to or following May 18, 2017.

19.

Please produce any and all log books, sweep sheets or logs, maintenance or inspection reports, or any and all other documents of any kind or by any other name which relate in any way to the construction, inspection, repair, or maintenance of the area where the plaintiff fell.

20.

Please produce any demonstrative evidence relevant to the issues of this case.

21.

Please produce any and all documents, including employee handbooks, policy or procedure manuals, or video tapes, Defendant's policies regarding safety, training, testing, inspecting, repairing, clean up or maintaining the premises, approaches and the area forming the basis of Plaintiff's Complaint.

22.

Produce all Complaints initiating civil actions against you for the past seven (7) years as a result of substantially similar incidents.

23.

Produce all safety inspection reports completed by any of your employees, agents or independent contractors with regard to the premises and approaches at issue.

24.

Produce all internal accident and incident reports completed by your employees, agents or independent contractors regarding the incident at issue in this civil action and also such reports regarding substantially similar claims, complaints, or incidents for the past five (5) years.

25.

Please produce all contracts or agreements entered into between the Defendant and any other individual or company and regarding construction upon, maintaining, or inspecting the premises, approaches and area forming the basis of Plaintiff's Complaint.

26.

Copies of any and all reports, interoffice memoranda, emails or other documents which relate to or mention the clean up or inspection of the premises at issue at any time in the year 2017.

27.

The curriculum vitae of all experts who are expected to testify on behalf of the defendant, and any documents they created, reviewed or relied on.

28.

Produce all notes, memoranda, minutes, and all other written evidence of safety meetings held by you from 2015 to the present.

29.

Produce all architectural plans, drawings or designs of the construction performed upon the premises in question, including layout of the area where Plaintiff fell.

30.

All email, memoranda, correspondence and other writings, whether paper or electronic, which in any fashion mentions or involves the plaintiff.

31.

Please produce any phone call logs, complaints, notices, memoranda, emails, security logs, or any other documents purporting to complain about the parking lot of the premises at issue in this civil action.

You are requested to comply with said requests by producing and permitting the Plaintiff's attorney to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to J. L. King, II, P.O. Box 2520, Tifton, GA 31793.

**HUDSON KING, LLC**

*/s/ J. L. King, II*
J. L King, II
Georgia Bar No. 142285
J. Shane Hudson
Georgia Bar No. 153047
David G. McGee
Georgia Bar No. 809036
Attorneys for Plaintiff

**HUDSON KING, LLC**
615 N. Virginia Avenue, Ste. A
P. O. Box 2520
Tifton, GA 31793
(229) 386-5845
jlking@hudsonkinglaw.com
jshudson@hudsonkinglaw.com
dmcgee@hudsonkinglaw.com